UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE OLD COVE CONDOMINIUM OF
NAPLES, INC.,

    Plaintiff,

v.                              Case No: 2:18-cv-384-FtM-29MRM

UNDERWRITERS AT LLOYD'S,
LONDON, ICAT SYNDICATE 4242
and NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #18) filed on June 21, 2018. Defendants filed an Opposition to plaintiff's Motion to Remand and Motion for Leave to file Amended Notice of Removal (Doc. #24) on July 5, 2018.

**I.**

Plaintiff, The Old Cove Condominium of Naples, Inc. ("The Old Cove") filed a two-count complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida against defendants Certain Underwriters at Lloyd's, London Subscribing to Policy Number 09-7560098508-S-01[1] ("Lloyd's") and

---

[1] The Complaint names Lloyd's as "Underwriters at Lloyd's, London, Icat Syndicate 4242" which defendants state is incorrect and defendants are actually titled as "Certain Underwriters at Lloyd's, London subscribing to policy number 09-7560098508-S-01." (Doc. #1, p. 1.)

National Fire & Marine Insurance Company ("National Fire"). (Doc. #2.) On June 5, 2018, defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. (Doc. #1.) On June 21, 2018, plaintiff moved to remand the matter asserting that defendants did not adequately plead complete diversity jurisdiction. (Doc. #18.) In Response, defendants assert they have established diversity jurisdiction and, alternatively, request leave to amend the Notice of Removal. (Doc. #24, pp. 9-10.)

**II.**

Generally, a matter may only be removed to federal court within thirty days of service of the complaint.[2] 28 U.S.C. § 1446(b)(1). During this thirty-day period, the notice of removal may be freely amended. Cohen v. Herick, No. 8:14-cv-2969-T-35TGW, 2015 WL 12820463, at *2 (M.D. Fla. Jan. 9, 2015) (citing Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1331 n.52 (M.D. Fla. 2003)). After the thirty-day period, however, there are limitations on amendments to the notice of removal.

Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Pursuant to this provision, amendments after the thirty-day period are only allowed to cure procedural

---

[2] There are exceptions to this general rule, none of which are applicable here. 28 U.S.C. § 1446(b)(3).

defects. Dye v. Sexton, 695 F. App'x 482, 485 (11th Cir. 2017) (citing In re Bethesda Mem'l Hisp., Inc., 123 F.3d 1407, 1409-10 (11th Cir. 1997)). Amendment is not permitted to set forth a new basis for the Court's jurisdiction. ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000); Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prods., 234 F. Supp. 3d 1165, 1169 (N.D. Ala. 2017). The Eleventh Circuit has held that the "failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect," Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citation omitted), because it "does not go to the question of whether the case originally could have been brought in federal district court," id. (quoting In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993)).

Here, defendants' motion to amend the notice of removal was not filed until after the thirty-day period had expired. (Doc. #1-2, pp. 57-62; Doc. #24.) Defendants seek to set forth more allegations regarding citizenship and the proportionate risk each name is responsible for in its Amended Notice of Removal. The Court finds that defendant does not seek to assert a new basis of federal jurisdiction and will allow defendant to file an Amended Notice of Removal to set forth the basis for diversity jurisdiction in more detail. Accordingly, defendants' Motion to Amend the

Notice of Removal (Doc. #24) is granted, and plaintiff's Motion to Remand (Doc. #18) is denied without prejudice to refiling if needed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Remand (Doc. #18) **denied without prejudice** to refiling after defendants file an Amended Notice of Removal, if necessary.

2. Defendants' Motion for Leave to file Amended Notice of Removal (Doc. #24) **is granted.** Defendants shall file an Amended Notice of Removal within **seven (7) days** of this Opinion and Order. Failure to file an Amended Notice of Removal within this time will result in the matter being remanded to state court without further notice.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record