UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE OLD COVE CONDOMINIUM OF
NAPLES, INC.,

    Plaintiff,

v.                                Case No: 2:18-cv-384-FtM-29MRM

UNDERWRITERS AT LLOYD'S,
LONDON, ICAT SYNDICATE 4242
and NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant's Amended Notice of Removal (Doc. #39) filed on August 29, 2018 and plaintiff's Renewed Motion to Remand (Doc. #41) filed on October 1, 2018.

**I.**

Plaintiff, The Old Cove Condominium of Naples, Inc., filed a two-count complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida against defendants Certain Underwriters at Lloyd's, London Subscribing to Policy Number 09-7560098508-S-01[1] ("Lloyd's") and National Fire & Marine

---

[1] The Complaint names Lloyd's as "Underwriters at Lloyd's, London, ICAT Syndicate 4242." (Doc. #2, p. 1.) Defendants state the actual title is "Certain Underwriters at Lloyd's, London subscribing to policy number 09-7560098508-S-01." (Doc. #1, p. 1.)

Insurance Company. (Doc. #2.) On June 5, 2018, defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. (Doc. #1.) On June 21st, plaintiff sought to remand the matter to state court for defendants' failure to sufficiently allege diversity jurisdiction. (Doc. #18.) Defendants, in response, requested the ability to file an Amended Notice of Removal presenting additional allegations in support of the exercise of diversity subject matter jurisdiction. (Doc. #24.) The request was granted and defendants were ordered to file an Amended Notice of Removal within seven days. (Doc. #34.) At the same time, plaintiff's motion to remand was denied without prejudice to refiling after defendants filed an Amended Notice of Removal. (Doc. #34.) Defendants filed an Amended Notice of Removal on August 29th and Plaintiff filed its Renewed Motion to Remand on October 1st, claiming Defendants had still not established diversity jurisdiction.[2] (Docs. ##39, 41.)

**II.**

A defendant may remove an action to a United States District Court based on diversity jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over civil actions involving parties with diverse citizenship where the

---

[2] See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after filing of the notice of removal under section 1446(a)." (emphasis added)).

amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, i.e., that every plaintiff is diverse from every defendant. Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1564 (11th Cir. 1994). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

A corporation is deemed to be a citizen of every state and foreign state it is incorporated in, and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Unincorporated associations, on the other hand, "do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010).

Defendant Lloyd's is a syndicate and falls "squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction." Id. at 1088. Defendants' Amended Notice of Removal alleges that "Lloyd's Syndicate 4242 is comprised of twelve (12) corporate members and Hampden Agencies MAPA 7217." (Doc. #39, p. 4.) The Amended Notice of Removal states that the twelve corporate members are "incorporated through the Registrar of Companies for England and Wales" and provides each of their

principal places of business, all of which are in London.  (Id. at 4-5.)  This sufficiently states the citizenship of the twelve corporate members.

The thirteenth member of Lloyd's Syndicate 4242 is Hampden Agencies MAPA 7217, a "members' agent pooling arrangement."  (Id. at 5.)  Defendants state that the MAPA is comprised of corporate and individual members, with the corporate members incorporated in England and Wales and the individual members being citizens of the United Kingdom.  (Id. at 6-7).  Defendants note that the "place of incorporation or the citizenship of each member" of the MAPA is listed in an exhibit offered with the Amended Notice of Removal. (Id. at 6.)  Per the exhibit, the MAPA contains more than five hundred members, roughly ninety percent of whom are business entities.  (Doc. #39-2.)  The exhibit shows a chart with four columns titled "Member Country," "Country Of Incorporation," "Member Name," and "Syndicate No." (Id.)  For each Member Name identified, either "United Kingdom" appears in the column titled "Member Country," or "England & Wales (Corporate)" or "Scotland (Corporate)" appears in the column titled "Country of Incorporation." (Id.)  It seems the Member Names having something listed in the column titled "Country of Incorporation" are incorporated entities, while those Member Names having "United Kingdom" listed in the column titled "Member Country" are individuals who are citizens of the United Kingdom.  (See Doc.

#39, p. 7 (MAPA's "corporate members are incorporated in England and Wales and the individual members are citizens of the United Kingdom")).

It is not enough, however, for the defendants to simply state where the MAPA's corporate members are incorporated. As previously noted, corporations can have multiple places of citizenship -- the state in which it is incorporated, the foreign state in which it is incorporated, and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1346 (11th Cir. 2011) (noting that corporations are "citizens" for diversity purposes wherever they are incorporated and have their principal place of business, and as a result, "corporations may be citizens of multiple states"). Although defendants have listed the MAPA corporate members' place of incorporation, they have failed to indicate where they have their principal place of business. See Alliant Tax Credit Fund XVI, Ltd. V. Thomasville Cmty. Hous., LLC, 713 F. App'x 821, 824 (11th Cir. 2017) ("To allege the citizenship of a corporation, a party must identify every state by which the company has been incorporated and the state where it has its principal place of business."). Having failed to offer this information, the defendant has not met its burden in establishing the Court's

subject matter jurisdiction over this matter.³  Accordingly, the Court remands the matter to state court.  See Univ. of S. Ala., 168 F.3d at 410 ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

## III.

Also before the Court is plaintiff's request for attorney's fees and costs arising from "the improper removal" of this case. (Doc. #41, p. 11.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). An award of attorney's fees pursuant to section 1447(c) is discretionary and turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 141 (2005). "[A]bsent unusual circumstances, attorney's fees should not be

---

³ While defendants describe the MAPA entities as "corporate members," the entities' names suggest they are actually limited companies, limited partnerships, and limited liability partnerships.  (See Doc. #39-2.)  This would not change the Court's determination regarding subject matter jurisdiction, however, because the defendants have also not listed the citizenship of each entities' individual members.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a limited liability company, like a limited partnership, is a citizen of any state of which a member of the company is a citizen and "[t]o sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership").

awarded when the removing party has an objectively reasonable basis for removal." Id. at 136.

In this case, the Court concludes the award of fees is appropriate. After defendants' initial Notice of Removal failed to invoke this Court's subject matter jurisdiction, plaintiff filed a motion to remand, arguing defendants failed to (1) plead both the place of incorporation and the principal place of business for each of Lloyd's corporate members, and (2) plead the citizenship of each member of the MAPA. (Doc. #18, p. 7-8.) Rather than agree to remand, defendants requested and were permitted to file an Amended Notice of Removal to set forth additional allegations in support of diversity jurisdiction. (Doc. #24.) As explained above, however, the Amended Notice of Removal still fails to set forth the principle place of business for each of the MAPA's corporate members, and therefore still fails to establish diversity jurisdiction. Defendants having failed to invoke this Court's jurisdiction despite multiple opportunities to do so, the Court finds there was not an objectively reasonable basis for removal and plaintiff's request for fees should be granted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Renewed Motion to Remand (Doc. #41) is **GRANTED**. The request for fees and costs therein is also **GRANTED**. Within

**FOURTEEN (14) DAYS** of this Opinion and Order, Plaintiff shall file an affidavit and supporting invoices detailing the attorney's fees and costs incurred as a result of removal. Defendant may file a response within **FOURTEEN (14) DAYS** thereafter.

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further **directed** to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this 18th day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record